UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM F. BANKHEAD,

                Plaintiff,

    - against -

NEW YORK STATE, its agencies, attorneys,
and employees,

                Defendants.
------------------------------------------------------------X

**REMAND ORDER**

**13-CV-3377 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge:

On October 18, 2013, Plaintiff William Bankhead, appearing pro se, filed a petition seeking to remove a criminal proceeding, New York v. Bankhead, Summons No. 4412648127, filed in the Criminal Court of the City of New York, Kings County, for the petty offense of "Consumption of Alcohol on Streets Prohibited" (also known as "Open Container Violation" or "Consumption of Alcohol in Public"), NYC Administrative Code § 10-125(2b). (Notice of Pet. For Removal ("Pet.") (Dkt. 1).) Plaintiff's request to proceed in forma pauperis is granted solely for the purpose of this Order. The court has promptly examined the petition as required by 28 U.S.C. § 1455(b)(4). For the reasons set forth below, the court sua sponte determines that removal is inappropriate and directs the Clerk of Court to remand the action to Criminal Court of the City of New York, Kings County, and Plaintiff is warned against future frivolous filings.

I.  DISCUSSION

    A.    **Standard for Removal**

Because removal to federal court deprives the state court of jurisdiction, "[d]ue regard for the rightful independence of state governments requires that federal courts scrupulously confine

1

their own jurisdiction to the precise limits which the statute has defined." Finley v. United States, 490 U.S. 545, 552-53 (1989) (citations omitted). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute[s] narrowly, resolving any doubts against removability." Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).

The removing defendant has the burden of establishing that a case is within the federal court's removal jurisdiction. Irving Trust Co. v. Century Exp. & Imp., S.A., 464 F. Supp. 1232, 1236 (S.D.N.Y. 1979) (citing Shamrock Oil, 313 U.S. at 108-09). "An effective petition for the removal of a state action to federal court must allege a proper basis for the removal under sections 1441 through 1445 of Title 28." Negron v. New York, No. 02-CV-1688, 2002 WL 1268001, at *1 (E.D.N.Y. Apr. 1, 2002) (Raggi, J.); see also, 28 U.S.C. § 1455(b)(4). ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.")

Section 1443(1)[1] provides for removal of civil actions or criminal prosecutions commenced in state court if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). A party removing an action pursuant to 28 U.S.C. § 1443(1) must satisfy a two-part test established by the Supreme Court in Georgia v. Rachel, 384 U.S. 780 (1966). "First, it must appear that the right allegedly denied the

---

[1] The other sections of 28 U.S.C. §§ 1441-1444 are clearly inapplicable here. Section 1441 applies only to civil actions; §§ 1442, 1442a, and 1443(2) generally apply only to criminal prosecutions of federal entities or military personnel; and § 1444 applies only to foreclosure actions against the United States.

2

removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting Rachel, 384 U.S. at 792). Not all laws granting equal rights support a claim for removal under § 1443:

> When the removal statute speaks of "any law providing for equal rights," it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes [e.g. the Civil Rights Act of 1964], as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all.

Rachel, 384 U.S. at 792. "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." Johnson, 421 U.S. at 219. In addition, the removing party must show that the "federal law confer[s] on [him] the right to engage in the specific conduct with which [he was] charged." Johnson, 421 U.S. at 222 (finding that plaintiffs' state trespassing charge was issued for attempting to obtain service at a place of public accommodation, conduct explicitly protected by the Civil Rights Act of 1964); cf. Negron, 2002 WL 1268001, at *1 (finding plaintiff could not claim that "a federal law legalize[d] the murder with which he [was] charged").

Second, it must appear on the face of the notice "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.' This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" Johnson, 421 U.S. at 219 (quoting Rachel, 384 U.S. at 799, 803).

3

In light of the narrow circumstances under which removal is appropriate pursuant to § 1443(1), remand clearly is required here. In support of removal, Plaintiff argues that New York City police officers and courts are using their authority to discriminate against him on the basis of race in violation of his constitutional rights by arresting him for an open container violation and failing to provide him with a prompt hearing. (Pet. ¶¶ 10-11.) Plaintiff does not allege his state prosecution implicates any federal statute specifically protecting racial equality. He "has filed this Removal (and Retention) Petition solely on the basis of the violations of his constitutional, due process, and equal protection rights by the state court, i.e. Criminal Court, its Clerk, and presiding judge in that case."[2] (Id. ¶ 3.) Plaintiff also generally invokes his rights under the First and Fourteenth Amendments. (Id. ¶¶ 20-22.)

These allegations do not satisfy the Rachel test. First Amendment and due process protections, while certainly related to equality and freedom, are not protections specifically against racial discrimination; rather, they are broadly applicable to several forms of discrimination against various groups and activities. See Rachel, 384 U.S. at 792 ("[D]efendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands."); Chestnut v. New York, 370 F.2d 1, 6 (2d Cir. 1966) (requirements for removal under 28 U.S.C. § 1443(1)

---

[2] Plaintiff also refers to 42 U.S.C. § 2000d-7, the "Civil Rights Remedies Equalization Act" (Pet. ¶ 37), which waives Eleventh Amendment immunity to suits under various federal antidiscrimination laws and does not apply to this petition for removal, and 42 U.S.C. § 2000a, (id.), which prohibits discrimination or segregation in places of public accommodation. While § 2000a is a federal law providing for specific civil rights stated in terms of racial equality which may form the basis for a § 1443 petition for removal, see, e.g., Walker v. Georgia, 417 F.2d 5,

4

are not satisfied by "broad generalizations or sweeping contentions under the Due Process Clause of the Fourteenth Amendment"); Smith v. Winter, 717 F.2d 191, 194 (5th Cir. 1983) (holding that "broad first amendment or fourteenth amendment claims do not satisfy the . . . [Rachel] test, nor do claims arising under nonracially oriented statutes such as 42 U.S.C. § 1983"). Under a charitable reading of Plaintiff's petition, it is possible that Plaintiff's allegations of violations of the Equal Protection Clause may offer a basis for removal under § 1443:

> Although the [Supreme] Court does not seem to have decided whether a denial of rights protected by the equal protection clause of the constitution meets the second requirements for removal under § 1443(1), its language in Rachel would seem to support the view expressed in Peacock v. City of Greenwood, 347 F.2d 679, 689 (5th Cir. 1955), rev'd on other ground, 374 U.S. 808 (1966), that not every violation of the equal protection clause will justify removal, but only those violations involvement discrimination based on race.

Chestnut v. New York, 370 F.2d 1, 3-4 (2d Cir. 1966) (internal quotation marks and citations omitted). However, the court need not decide this issue because Plaintiff fails to satisfy the remaining requirements of the Rachel test. Plaintiff does not claim that any federal law "explicitly makes legal" the conduct with which he has been charged, see Negron, 2002 WL 1268001, at *1, nor is there any such law protecting the public consumption of alcohol in the circumstances of this case.

Even if Plaintiff had claimed violations of federal statutory or constitutional law expressly guaranteeing racial equality, he failed to adequately demonstrate that he cannot enforce such laws in state court. The New York Criminal Court's alleged delay of Plaintiff's hearing does not constitute a denial of Plaintiff's civil rights as defined by Rachel. The state has issued no "formal expression" of New York law—such as a "state legislative or constitutional

---

9-11 (5th Cir. 1969), it is inapplicable here because there are no allegations involving public accommodations.

provision"—that infringes on Plaintiff's civil rights to indicate that a state court would be incapable of enforcing those federal rights as required by 28 U.S.C. § 1443(1). Johnson, 421 U.S. at 219 (quoting Rachel, 384 U.S. at 799, 803). Therefore, since the petition does not allege a proper basis for the removal, the action must be summarily remanded to state court. 28 U.S.C. § 1455(b)(4).

### B.  Filing Injunction Warning

On November 14, 2013, the court issued an Order in Bankhead v. Kelly, 13-CV-4577 (NGG), in which it considered Plaintiff's extensive litigation history: his filing of repetitive and frivolous actions, his use of the federal courts to harass individual defendants, and his abandonment of actions by allowing them to languish. In its Order, the court found that Plaintiff had clearly exceeded the reasonable access to the courts afforded by the in forma pauperis statute and "abuse[d] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam). The court advised Plaintiff that any future frivolous, repetitive, malicious, or vexatious filing shall subject him to a filing injunction barring him from filing future in forma pauperis actions without first seeking leave of court. See Safir v. United States Lines, Inc., 792, F.2d 19, 24 (2d Cir. 1986).

With the instant removal petition, Plaintiff has now filed yet another action in this court in which he seeks to challenge a summons for an open container violation issued by the New York City Police Department. Since at the time that he filed the instant petition, Plaintiff had not yet received the court's recent Order warning him of the prospect of a filing injunction, the court will not order him to show cause why the filing injunction should not be entered. Rather, the

6

court reiterates that any future frivolous, repetitive, malicious, or vexatious in forma pauperis filing shall subject him to a filing injunction. See In re Martin-Trigona, 9 F.3d 226, 227 (2d Cir. 1993) (recognizing that "courts may resort to restrictive measures . . . [with respect to] litigants who have abused their litigation opportunities," including "subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings"). Safir, 792 F.2d at 24.

## CONCLUSION

Accordingly, as there is no statutory authority for the removal of Plaintiff's criminal prosecution, his case is remanded pursuant to 28 U.S.C. § 1455(b)(4) to the Criminal Court of the City of New York, Kings County. The Clerk of Court is directed to immediately send a certified copy of this Order to the Clerk of the Criminal Court of the City of New York, County of Kings, 120 Schermerhorn Street, Brooklyn, New York and to close the case in this court. 28 U.S.C. § 1447(c). Furthermore, the court notifies Plaintiff that if he brings any more frivolous in forma pauperis actions, the court shall enter an Order barring Plaintiff from filing future in forma pauperis complaints without first obtaining leave of the court to do so. 28 U.S.C. § 1651. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
November 19, 2013

NICHOLAS G. GARAUFIS
United States District Judge